# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 12-20066-40-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| CARLOS GILCHRIST, ) | No. 15-9282-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On March 6, 2014, the Court sentenced defendant to 180 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1830) filed September 23, 2015. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

## Factual Background

On October 3, 2012, a grand jury charged Carlos Gilchrist and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Second Superseding Indictment (Doc. #402), Count 1.[1] The statutory penalty under Count 1 included a mandatory term of imprisonment of ten years to life. See 21 U.S.C. § 841(b)(1)(A)(ii), (iii). On June 17, 2013, the government filed a notice that defendant had four prior felony drug convictions which increased the statutory minimum to life in prison. See Enhancement Information (Doc. #790).

---

[1] The grand jury also charged Gilchrist with one count of distribution and possession with intent to distribute cocaine. See id., Count 39. At sentencing, the Court dismissed that count.

On August 5, 2013, the day that trial was scheduled to begin, the parties notified the Court that defendant wanted to plead guilty. Before Magistrate Judge James P. O'Hara and pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to the conspiracy charge in Count 1. As part of the agreement, the government agreed to dismiss Count 39 and to withdraw its request for an enhanced sentence based on defendant's prior drug felony convictions. See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #932) ¶¶ 1, 6. The agreement proposed a sentence of 180 months in prison and five years of supervised release. See id., ¶ 4.

Before sentencing, defendant filed a motion to withdraw his plea because it was not knowing and voluntary. In particular, defendant asserted that the government violated Brady v. Maryland, 373 U.S. 83 (1963), because it failed to disclose impeaching or exculpatory information before the suppression hearing or the entry of his plea. Judge O'Hara overruled defendant's motion, as well as defendant's pro se motion to reconsider.

At sentencing on March 6, 2014, defendant again asked to withdraw his guilty plea. Defendant asserted that at the time of the plea, he understood from his attorney that he would receive a life sentence if the jury convicted him of only Count 39 (and not Count 1). The Court overruled defendant's motion. The Court noted that defendant already had an opportunity to present his argument to Judge O'Hara and that the Court agreed with his ruling on the issue. The Court further found that defendant's attempt to change the reason to withdraw his plea at the time of sentencing merely reflected buyer's remorse. Consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 180 months in prison and five years of supervised release.[2]

---

[2] Defendant's total offense level was 35, with a criminal history category VI, resulting in a guideline range of 292 to 365 months in prison. Absent the government agreement to withdraw
(continued...)

Kevin P. Shepherd represented defendant throughout the district court proceedings. Terrence J. Campbell represented defendant on appeal.

On February 23, 2015, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Shepherd provided ineffective assistance because (1) he coerced defendant to plead guilty, (2) he coerced defendant to plead guilty in front of a magistrate judge, and (3) he did not adequately present defendant's motion to withdraw plea. Memorandum Of Law (Doc. #1831) at 3-22. Defendant also alleges that Campbell provided ineffective assistance because he did not argue that the district court violated Section 636 of the Magistrates Act and 18 U.S.C. § 3582(c)(2). Id. at 5-7. Defendant asks the Court to vacate the plea and allow him to proceed to trial. Motion Under 28 U.S.C. § 2255 (Doc. #1830) at 13.[3]

---

[2](...continued)
the notice of defendant's prior drug felony convictions, the statutory minimum of life in prison would have applied. See U.S.S.G. § 5G1.1; 21 U.S.C. § 841(b)(1)(A).

[3] In the government's response to defendant's motion, it seeks to enforce the waiver of collateral attacks in the plea agreement, but incorrectly states that the waiver only preserved claims of "ineffective assistance of counsel as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)." Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence And Motion For Enforcement Of Plea Agreement (Doc. #1930) filed January 6, 2016 at 4. The government ignores the final sentence of the waiver which states "[n]otwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #932) ¶ 12. The Court therefore overrules the government's request to enforce the waiver of collateral attacks See United States v. Drayton, No. 12-2568-KHV, 2013 WL 789027, at *4 (D. Kan. Mar. 1, 2013); United States v. Clark, No. 10-20076-12-KHV, Order (Doc. #567) filed February 7, 2013; United States v. Cereceres-Morales, No. 09-20034-01-KHV, 2012 WL 4049801, at *1 n.2 (D. Kan. Sept. 13, 2012); United States v. Perea, No. 08-20160-08-KHV, 2012 WL 851185, at *1 n.1 (D. Kan. Mar. 8, 2012); United States v. Malone, No. 09-20159-01-KHV, 2012 WL 380239, at *2 (D. Kan. Feb. 6, 2012).

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988).

**I.    Coercion To Plead Guilty (Claim 1)**

Defendant argues that Shepherd provided ineffective assistance because he coerced defendant to plead guilty. In particular, defendant states that on the day trial was scheduled to begin, counsel told him that if he wanted to proceed with trial, he had to sign a document that stated that he understood that he would receive a "guaranteed" life sentence if the jury found him guilty. Memorandum Of Law (Doc. #1831) at 4-5. Defendant states that he understood counsel's advice to mean that if he was found guilty on either Count 1 or Count 39, he would receive a guaranteed

life sentence.  See id. at 7.  In fact, if the jury found defendant guilty only on Count 39, he would have been subject to a statutory maximum of 30 years with no statutory minimum.  See 21 U.S.C. § 841(b)(1)(C).

In his written plea agreement and the plea colloquy, defendant affirmed under oath that he had discussed the plea agreement with counsel, that his plea was free and voluntary, that no one had forced or threatened him to enter it, that no promises were made to induce him to plead guilty, that he was fully satisfied with the advice and representation of counsel and that the only reason he was making a plea was that he was in fact guilty as charged.  Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established.  United States v. Glass, 66 F. App'x 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).

At sentencing, defendant argued that he understood counsel's advice to mean that if the jury found him guilty only on the possession charge (Count 39), he would be subject to a statutory minimum term of life in prison.  At sentencing, the Court rejected defendant's claim as follows:

> THE COURT:  And this is not an argument you made to Judge O'Hara.
>
> MR. SHEPHERD: He did not.
>
> THE COURT: That's one reason, really, you had a chance to make this argument to Judge O'Hara and he's the one that could have better addressed this since he was the one that had face-to-face with you and took your plea.  But it looks to me like you have buyer's remorse and wish you hadn't accepted this, don't like the deal you made, and you're still grasping for -- your first argument didn't work, so now you're grasping for anything else.  That's how it looks.
>
> ∗∗∗
>
> But, I mean, what you're telling me is that you don't care whether you tell the truth, you're just trying to get out of a bad situation.  So you tell [Judge O'Hara] what you need to tell him to get out of the trial; you tell me what you think I need to hear to

> get out of the Plea Agreement and withdraw your guilty plea and take this 15 year sentence.
>
> \*\*\*
>
> Do you understand what your attorney and I were talking about? So even if you had pleaded guilty to the possession charge, the Court, it would still look at all the evidence in the case about conspiracy. And if I find that you were part of the conspiracy, then I take that into account in putting your sentence on the possession case. So, I mean, as a practical matter, I mean, if you -- if you withdrew your guilty plea on conspiracy and entered a plea of guilty to possession, I don't think you'd be in a different position except that it would just say that you plead guilty to possession instead of conspiracy.
>
> \*\*\*
>
> I think [Judge O'Hara] issued a thoughtful and well-reasoned opinion which I don't have any reason to dispute.

Transcript Of Sentencing (Doc. #1562) at 10-11, 16, 28.

> On direct appeal, the Tenth Circuit also rejected defendant's claim as follows:
>
> The substantial evidence of the plea agreement and plea colloquy establishes that [defendant's] plea was knowing and voluntary. See United States v. Tanner, 721 F.3d 1231, 1234 (10th Cir. 2013) (deciding synergistic effect of plea agreement and plea colloquy "will often be conclusive" on question of knowing and voluntary waiver). Mr. Gilchrist, who stated at the plea colloquy that he reads at a college level, admitted reading and reviewing the plea agreement with his attorney. The district court performed a proper plea colloquy, ensuring that Mr. Gilchrist understood what he was agreeing to. We believe Mr. Gilchrist's representations at the plea hearing, despite his change of heart before sentencing. See id. at 1233 ("A properly conducted plea colloquy, particularly one containing express findings, will, in most cases, be conclusive on the waiver issue, in spite of a defendant's post hoc assertions to the contrary.").
>
> Accordingly, we conclude that Mr. Gilchrist's plea and plea agreement were entered into knowingly and voluntarily. See [United States v.] Rollings, 751 F.3d [1183,] 1189, 1190-91 [(10th Cir. 2014)] (requiring both plea and agreement to be knowing and voluntary). We also conclude that enforcing the appeal waiver would not be fundamentally unfair.

United States v. Gilchrist, 575 F. App'x 837, 839 (10th Cir. 2014).

Even if the Court found that counsel's alleged failure to explain the potential consequences of a guilty verdict solely on Count 39 was deficient, defendant has not shown prejudice. To show

prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). As part of his proof, defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). Although necessary, defendant's assertion that he would have insisted on trial but for counsel's errors is ultimately insufficient to entitle him to relief. Miller, 262 F.3d at 1072; United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993). Instead, the Court evaluates the factual circumstances surrounding the plea to predict "whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors." Clingman, 288 F.3d at 1186; see Miller, 262 F.3d at 1072 (court examines factual circumstances surrounding plea to determine whether petitioner would have proceeded to trial). While defendant need not show that he would have prevailed at trial, his prospects of succeeding inform the Court's view whether he in fact would have gone to trial absent the alleged errors. United States v. Triplett, 263 F. App'x 688, 690 (10th Cir. 2008); see Clingman, 288 F.3d at 1186. The strength of the government's case is often the best evidence whether defendant in fact would have changed his plea and insisted on going to trial. See Hill, 474 U.S. at 59-60.

In light of the agreed factual basis in the plea agreement, defendant has not shown a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty to Count 1. See United States v. Young, 206 F. App'x 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11. Defendant

does not dispute that a jury likely would have convicted him on Count 39. In addition, other than defendant's belated assertion of innocence, the record does not reflect any viable defense against the charges in Count 1.[4] As part of the plea, defendant acknowledged that he conspired with others to distribute and to possess with intent to distribute 280 grams or more of crack cocaine and five kilograms or more of cocaine. See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #932) ¶ 1. Defendant understood that absent the plea agreement which required the government to withdraw its notice of his prior convictions, he would have been subject to a statutory minimum of life in prison on Count 1 and a statutory maximum of 30 years on Count 39. See id., ¶ 6. Even if defendant did not fully understand the consequences of a guilty verdict on one count and a not guilty verdict on the other, he understood that the plea offer of 180 months was substantially less than his potential exposure on either count (life on Count 1 and up to 30 years on Count 39).[5] In light of the evidence and the significant benefits which defendant received under the plea agreement, defendant has not shown how a decision to reject the plea agreement would have been rational under the circumstances. See Padilla, 559 U.S. at 372. Accordingly, he cannot show prejudice based on counsel's alleged threat that defendant would receive a life sentence if a jury found him guilty.

---

[4] Defendant asserts that he is "actually innocent" of the charges in Count 1, Memorandum Of Law (Doc. #1831) at 4, 7, but he does not specifically explain what is incorrect in the factual basis attached to the plea agreement or the facts set forth in the presentence investigation report.

[5] Defendant's actual sentence of 180 months also was substantially less than the low end of the estimated guideline range (292 to 360 months) if the jury had convicted him only on Count 39. As noted above, based on defendant's plea of guilty to Count 1, his total offense level was 35, with a criminal history category VI, resulting in a guideline range of 292 to 365 months in prison. If a jury had convicted defendant only on Count 39, then the statutory maximum would have lowered the high end of the guideline range from 365 to 360 months. Defendant has not shown, however, that after the Court considered relevant conduct, a conviction on Count 39 alone would have otherwise altered the guideline range (292 to 365 months).

The Court overrules defendant's first claim for relief.

## II. Coercion To Plead Guilty Before Magistrate Judge (Claim 2)

Defendant claims that Shepherd provided ineffective assistance because he coerced defendant to plead guilty in front of a magistrate judge. Memorandum Of Law (Doc. #1831) at 8-10. At the time of the change of plea hearing, defendant acknowledged that he knowingly and voluntarily waived his right to enter a guilty plea before a U.S. District Judge and he specifically consented to have Magistrate Judge O'Hara enter his guilty plea. See Consent To Proceed With Guilty Plea Before A United States Magistrate Judge In A Felony Case (Doc. #930) filed August 5, 2013 at 1. As with defendant's first claim, absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. Glass, 66 F. App'x at 810; Jones, 1997 WL 580493, at *1; Bambulas, 571 F.2d at 526.

Even if counsel had somehow threatened or coerced defendant to waive his right to plead guilty before a district judge, he has not alleged sufficient facts for the Court to find a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different in front of a district judge, i.e. that he would not have agreed to plead guilty or that a judge would have refused to accept a plea. See Young, 206 F. App'x at 785; Rantz, 862 F.2d at 810-11. As noted above, defendant received substantial benefits under the plea agreement and he has not shown that even with a more detailed colloquy in front of a district judge, a decision to reject the plea agreement would have been rational under the circumstances. See Padilla, 559 U.S. at 372.

The Court overrules defendant's second claim for relief.

### III. Effectiveness Of Argument On Motion To Withdraw Plea (Claim 3)

Defendant argues that Shepherd provided ineffective assistance because he did not adequately present defendant's motion to withdraw plea. In particular, defendant claims that (a) counsel delayed some four months before filing the motion to withdraw, (b) counsel asserted a frivolous Brady violation, (c) counsel did not ask the Court to withdraw the plea because defendant was confused when he entered the plea, (d) counsel did not argue that the magistrate judge conducted an inadequate plea colloquy, (e) counsel did not object to the magistrate judge's authority to rule on the motion to withdraw, and (f) counsel did not request a de novo hearing on the motion to withdraw in front of a district judge. Memorandum Of Law (Doc. #1831) at 11-21. Defendant has not alleged sufficient facts to show that Shepherd's performance was beyond the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Even if Shepherd's performance was somehow deficient for not timely or adequately presenting the motion to withdraw defendant's guilty plea, defendant has not alleged sufficient prejudice from counsel's error. In light of this Court's comments at sentencing and the Tenth Circuit statements on direct appeal, defendant has not shown a reasonable probability that if Shepherd had more effectively presented the motion to withdraw or demanded a hearing before a district judge, the result of the proceeding likely would have been different.[6]

---

[6] Defendant argues that Judge O'Hara failed to ensure that he understood that he was waiving the right to make a later motion under Section 3582(c)(2). Memorandum Of Law (Doc. #1831) at 15. Defendant concedes that he read every line of the "broadly-drafted waiver" in Paragraph 12, discussed it with counsel and understood how it worked. Transcript Of Change Of Plea Hearing (Doc. #1572) at 23. Defendant has not argued that a more detailed inquiry into the waiver would have altered his decision to plead guilty. In particular, the waiver regarding the right to file a Section 3582(c)(2) motion was not material because defendant pled guilty under Rule 11(c)(1)(C). Even absent the waiver, because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range, defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2). United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013).

(continued...)

The Court overrules defendant's third claim for relief.

## IV.     Assistance Of Appellate Counsel (Claim 4)

Defendant argues that Campbell provided ineffective assistance on appeal because he did not argue that the district court violated Section 636 of the Magistrates Act and 18 U.S.C. § 3582(c)(2). In support of his claims, defendant only argues the issues addressed above. Accordingly, for reasons stated above, the Court finds that counsel's performance on appeal was not deficient or prejudicial.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

---

[6](...continued)
Defendant appears to allege that appellate counsel provided ineffective assistance because he did not raise the "18 USC Section 3582(c)(2) violation," Motion Under 28 U.S.C. § 2255 (Doc. #1830) at 7, but he has not set forth any argument to support such a claim. In any event, because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range, appellate counsel's alleged failure to raise any such issue was not deficient or prejudicial.

-11-

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[7] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1830) filed September 23, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 24th day of May, 2016 at Kansas City, Kansas.

                                               s/ Kathryn H. Vratil
                                               KATHRYN H. VRATIL
                                               United States District Judge

---

[7] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).