## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,                    )
                                             )
                         Plaintiff,                    )        **CRIMINAL ACTION**
                                             )        **No. 12-20066-40-KHV**
v.                                           )
                                             )        **CIVIL ACTION**
CARLOS GILCHRIST,                            )        **No. 18-2213-KHV**
                                             )
                         Defendant.                    )
_____ )

## MEMORANDUM AND ORDER

On March 6, 2014, the Court sentenced defendant to 180 months in prison. This matter is before the Court on defendant's [Motion For] Writ Of Audita Querela (Doc. #2078) filed April 30, 2018, which the Court construes as a second or successive motion under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction and denies a certificate of appealability.

## Factual Background

On October 3, 2012, a grand jury charged Carlos Gilchrist and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Second Superseding Indictment (Doc. #402), Count 1.[1] The statutory penalty under Count 1 included a mandatory term of imprisonment of ten years to life. See 21 U.S.C. § 841(b)(1)(A)(ii), (iii). On June 17, 2013, the government filed a notice that defendant had four prior felony drug convictions which increased the statutory minimum

---

[1]       The grand jury also charged Gilchrist with one count of distribution and possession with intent to distribute cocaine. See id., Count 39. At sentencing, the Court dismissed that count.

to life in prison.  See Enhancement Information (Doc. #790).

On August 5, 2013, the day that trial was scheduled to begin, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to the conspiracy charge in Count 1. As part of the agreement, the government agreed to dismiss Count 39 and to withdraw its request for an enhanced sentence based on defendant's prior drug felony convictions.  See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #932) ¶¶ 1, 6.  The agreement proposed a sentence of 180 months in prison and five years of supervised release.  See id., ¶ 4.

On March 6, 2014, consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 180 months in prison and five years of supervised release.[2]

On May 24, 2016, the Court overruled defendant's initial motion to vacate his sentence under 28 U.S.C. § 2255 and denied a certificate of appealability.  See Memorandum And Order (Doc. #1947) at 12.  On April 13, 2017, the Tenth Circuit affirmed.  See Order And Judgment (Doc. #2036).  The Supreme Court denied defendant's petition for a writ of certiorari.  Doc. #2055.

In the Tenth Circuit Court of Appeals, defendant sought leave to file a successive Section 2255 motion.  Defendant asserted that his conviction should be vacated based on new Tenth Circuit law on use of his prior convictions to subject him to the enhanced minimum life sentence, and to calculate his advisory Guideline range.  See Order (Doc. #2073) filed April 13, 2018 at 2. On April 13, 2018, the Tenth Circuit denied defendant's request for leave to file a successive Section 2255 motion.  See id.

---

[2]    Defendant's total offense level was 35, with a criminal history category VI, resulting in a guideline range of 292 to 365 months in prison.  Absent the government agreement to withdraw the notice of defendant's prior drug felony convictions, the statutory minimum of life in prison would have applied.  See U.S.S.G. § 5G1.1; 21 U.S.C. § 841(b)(1)(A).

On April 30, 2018, defendant filed a motion for a writ of *audita querela*.  Doc. #2078. Defendant asserts that in light of Tenth Circuit law, the Court should resentence him absent the career offender enhancement.  See id. at 2.

## Analysis

### I.    Basis For Relief Requested In Defendant's Motion

Defendant seeks a writ of *audita querela*.  Writs under the All Writs Act, 28 U.S.C. § 1651, such as *audita querela* and *coram nobis* are unavailable to a defendant when other remedies exist such as a motion to vacate sentence under 28 U.S.C. § 2255.[3]  See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).  After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective.  See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective.  Bradshaw, 86 F.3d at 166.  Likewise, the mere fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective.  United States v. Montano, 442 F. App'x 412, 413 (10th Cir. 2011); Caravalho v. Pugh,

---

[3]        The writ of *audita querela* is used to challenge a judgment that was correct at the time it was entered but which would be unjust to execute because of matters which arose after it was entered.  Torres, 282 F.3d at 1245 n.6; Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153 (10th Cir. 1946).  The Tenth Circuit has questioned whether a writ of *audita querela* may ever issue in the criminal context.  See United States v. Ballard, 334 F. App'x 141, 143 (10th Cir. 2009).

A writ of *coram nobis* is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice.  28 U.S.C. § 1651(a); United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994).  A defendant may seek a writ of *coram nobis* if he is no longer in custody and therefore ineligible for relief under 28 U.S.C. § 2255.  United States v. Estrada, 580 F. App'x 672, 673 (10th Cir. 2014).

177 F.3d 1177, 1179 (10th Cir. 1999); United States v. O'Bryant, 162 F.3d 1175, 1998 WL 704673, at *2 (10th Cir. Oct. 2, 1998); see Patel v. Morris, 37 F. App'x 428, 430-31 (10th Cir. 2002) (allowing claims under Section 2241 that would be barred under Section 2255 because remedy "inadequate or ineffective" would allow prisoners to avoid stringent gatekeeping requirements under Section 2255; such procedure contrary to statute and Congressional intent to restrict successive petitions to extremely limited situations). Finally, a defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. McIntyre, 313 F. App'x at 162; Torres, 282 F.3d at 1246; see also In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (senseless to suppose Congress permitted prisoners to pass through closed door of Sections 2241 and 2255 by way of All Writs Act simply by changing title of motions); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (if prisoner who is prevented from filing Section 2255 petition could, without more, establish that Section 2255 is "inadequate or ineffective" and entitled to petition under Section 2241(c)(3), Congress would have accomplished nothing through statutes like AEDPA to place limits on federal collateral review).

Here, defendant asks the Court to resentence him without the career offender enhancement. Defendant's present claim in substance and effect asserts federal grounds for relief from his underlying conviction and sentence. Because defendant has previously sought relief under Section 2255, the Court construes his claim as part of a second or successive Section 2255 motion. See United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion); Spitznas, 464 F.3d at 1216 (motions that assert defect outside context of habeas proceeding constitute second or successive petitions).

## II.    Relief Under 28 U.S.C. § 2255

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.    See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631; or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court has discretion whether to transfer or dismiss without prejudice.  Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).  In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit.  See In re Cline, 531 F.3d at 1252 (district

court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Here, defendant's claims do not assert newly discovered evidence or argue that the Supreme Court has made retroactive a new rule of constitutional law. Indeed, the Tenth Circuit recently denied defendant authorization to file a second or successive motion on similar grounds. See Order (Doc. #2073) filed April 13, 2018 at 2. Rather, defendant raises a claim that he could have asserted on direct appeal or in his initial Section 2255 motion. Accordingly, the Court declines to transfer the present motion to the court of appeals.

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's [Motion For] Writ Of Audita Querela

---

[4]    The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

(Doc. #2078) filed April 30, 2018, which the Court construes as a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED**.

     **IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

     Dated this 16th day of May, 2018 at Kansas City, Kansas.

                                             s/ Kathryn H. Vratil
                                           KATHRYN H. VRATIL
                                         United States District Judge