**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 12-20066-40-KHV |
| CARLOS GILCHRIST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 6, 2014, the Court sentenced defendant to 180 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. The United States Supreme Court recently held that a defendant who pleads guilty under Rule 11(c)(1)(C) may seek relief under Section 3582(c)(2) so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes v. United States, 138 S. Ct. 1765, 1775 (June 4, 2018). This matter is before the Court on defendant's pro se Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And U.S.S.G. Amendment 782 (Doc. #2109) filed June 29, 2018. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline

range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

Defendant seeks relief under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels in the Drug Quantity Table at U.S.S.G. § 2D1.1. Defendant is not eligible for relief under Amendment 782 because the Court calculated defendant's guideline range under Section 4B1.1, not Section 2D1.1. See Presentence Investigation Report (Doc. #1138) filed December 3, 2013, ¶¶ 98-99 (applying offense level 37 under career offender guideline Section 4B1.1, which is higher than otherwise applicable offense level 34); U.S.S.G. § 4B1.1(b) (if offense level in career offender table is greater than offense level otherwise applicable, offense level in career offender table shall apply). Because Amendment 782 did not impact Section 4B1.1 or otherwise lower defendant's guideline range, the Court dismisses defendant's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And U.S.S.G. Amendment 782 (Doc. #2109) filed June 29, 2018 is **DISMISSED for lack of jurisdiction.**

Dated this 13th day of July, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge