IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-40-KHV |
| CARLOS GILCHRIST, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 6, 2014, the Court sentenced defendant to 180 months in prison and five years of supervised release. On September 9, 2020, the Court granted defendant compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Memorandum And Order (Doc. #2270). The Court reduced defendant's term of imprisonment to time served and—in addition to defendant's original term of 60 months of supervised release—imposed a special term of supervised release of 48 months (to approximate his earliest projected release date with good time credit) with a condition of home confinement. See id. at 11. This matter is before the Court on defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #2392) filed November 18, 2024. For reasons stated below, the Court overrules defendant's motion.

**Analysis**

At any time after the expiration of one year of supervised release, the Court may terminate a term of supervised release and discharge defendant if such action is warranted by the conduct of defendant and the interest of justice. 18 U.S.C. § 3583(e)(1). Initially, the parties dispute whether defendant is eligible for early termination of supervised release. Defendant argues that he is eligible because he has served more than one year of the combined term of 108 months of

supervised release (i.e. combining the special term of 48 months and the original term of 60 months). Motion To Terminate Defendant's Term Of Supervised Release (Doc. #2392) at 3–4. The government suggests that defendant is not eligible for early termination of supervised release until he has served the entire special term of 48 months plus at least 12 months of the original term of supervised release. Government's Response In Opposition To Motion To Terminate Term Of Supervised Release (Doc. #2394) filed December 2, 2024 at 6. Because defendant has not shown that immediate termination of supervised release is in the interest of justice, the Court need not address this issue. For purposes of defendant's motion, the Court assumes that he has completed the necessary period of supervised release under Section 3583(e)(1).

The Court has "broad discretion" to grant or deny termination of supervised release. Rhodes v. Judiscak, 676 F.3d 931, 934 (10th Cir. 2012) (citing Burkey v. Marberry, 556 F.3d 142, 144–45 (3d Cir. 2009)); see United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (expansive phrases "conduct of the defendant" and "interest of justice" give district court discretion to consider "wide range of circumstances").

The Court first notes the different purposes of the original term of supervised release of 60 months and the special term of supervised release of 48 months. An ordinary term of supervised release including defendant's original term of 60 months does not "replace a portion of the defendant's prison term." United States v. Haymond, 588 U.S. 634, 652 (2019) (citing United States Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012)). Instead, the Court ordinarily imposes supervised release "only to encourage rehabilitation *after* the completion of defendant's prison term." Id. (emphasis in original) (citing United States Sentencing

Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012)); see United States v. Johnson, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

In contrast, under the compassionate release statute, the Court can impose a special (or additional) term of supervised release not to "exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). This special term of supervision can include a condition of home confinement but "only as an alternative to incarceration." 18 U.S.C. § 3583(e)(4). Consistent with these statutes and because the Court lacked authority to order the Bureau of Prisons to transfer defendant from prison to home confinement, the Court imposed the special term of 48 months of supervised release with a condition of home confinement as a substitute for defendant's remaining prison term.[1] See U.S.S.G. § 5F1.2 (home detention may be imposed as condition of probation or supervised release "only as a substitute for imprisonment"); see United States v. Ivory, No. 22-3094, 2023 WL 4488193, at *4 (10th Cir. July 12, 2023) (home confinement is permissible condition of supervised release "if it is an alternative to incarceration") (citing 18 U.S.C. § 3583(e)(4)); see also United States v. Lewis, 226 F. App'x 830, 830 n.1 (10th Cir. 2007) (because term of home detention substituted for equal term of imprisonment, total sentence imposed was within guideline range) (citing U.S.S.G. §§ 5C1.1(d), 5F1.2).

The Court also notes that in defendant's motion for compassionate release, he specifically

---

[1] When the Court granted compassionate release, defendant's projected release date was September 4, 2025. Because defendant had completed the Drug Education Program and the Non-Residential Drug Treatment Program, he was eligible for the Residential Drug Abuse Treatment Program and if he were to complete that program, he would have been eligible for release on September 4, 2024.

proposed 24 months of home confinement "in lieu of" the remaining prison sentence followed by 72 months of supervised release, i.e. his supervised release would expire in September of 2025. Supplemental Response Re: Motion to Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #2262) filed August 21, 2020 at 2, 20.  The Court granted defendant's motion in part.  The Court determined that a sentence of time served with a special term of supervised release including home confinement of 48 months was "sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner."  Memorandum And Order (Doc. #2270) at 10 (citing 18 U.S.C. § 3553(a)(2)(A)–(D)); see id. at 8 ("When combined with a special term of supervised release that includes 48 additional months of home confinement (to approximate defendant's original release date), a reduced sentence under Section 3582(c)(1)(A) is consistent with the seriousness of the offense, the need for deterrence and the need to protect the public."). The Court noted that in addition to the special term of supervised release of 48 months on home confinement, defendant must serve his original 60 months of supervision which would begin on September 5, 2024 (i.e. his original expected release date).  See id. at 11.

Since defendant's release from prison, he has complied with the conditions of his supervised release and currently owns, operates and manages a janitorial service—Real GG, LLC1 —with his fiancée and her stepson.  The Court recognizes defendant's continued progress towards rehabilitation and his compliance with the terms of his supervised release.  In part because of these reasons and at the request of the U.S. Probation Office, in December of 2021, the Court removed the condition of home confinement subject to electronic monitoring.  The current terms and conditions of his supervision do not materially impair defendant's ability to continue to thrive

as a member in the community or to successfully operate his business.  The Court commends defendant's continued progress towards rehabilitation.

Despite defendant's success so far on supervised release, however, after considering the relevant factors under Section 3553(a) and considering the above reasons, the Court finds that termination of the remaining term of supervised release after 52 months is not in the interest of justice.[2]  Even so, after considering the relevant factors under Section 3553(a) and considering the above reasons, the Court substantially agrees with defendant's initial request for relief—in his compassionate release motion filed in 2020—that the term of his supervision should last until September of 2025.  A total term of supervised release of 60 months is sufficient to afford adequate deterrence to criminal conduct and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(2)(B), (a)(6).  On September 5, 2025 or as soon as practicable thereafter, the U.S. Probation Office will notify the Court of defendant's compliance with the terms of supervised

---

[2]  The Court places some weight on the equitable consideration that defendant only recently completed the first 48 months of his supervised release which the Court imposed as a substitute for his remaining prison term and that he has not yet served an additional year on his original 60-month term of supervised release.  Again, the Court assumes that this factor is not dispositive (i.e. defendant is eligible for immediate termination of supervised release).  At this stage, however, defendant has not shown that immediate termination of his supervised release is in the interest of justice based on the relevant factors under Section 3553(a).

In granting defendant compassionate release, the Court balanced the factors under Section 3553(a) and determined that he should serve a special term of 48 months as a substitute for his remaining term of imprisonment and an additional 60 months of supervised release.  Memorandum And Order (Doc. #2270) at 10 (citing 18 U.S.C. § 3553(a)(2)(A)–(D)).  In deciding whether the termination of supervised release is in the interest of justice, the Court only considers the factors set forth in subsections (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) of Section 3553.  18 U.S.C. § 3583(e).  The Court nevertheless finds that defendant has not shown that immediate termination of supervised release is warranted.

release and whether it opposes immediate termination of defendant's term of supervised release. Assuming the U.S. Probation Office does not oppose early termination of supervised release on September 5, 2025, the Court intends to sua sponte terminate defendant's supervised release immediately after it receives notification from the U.S. Probation Office.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Terminate Defendant's Term Of Supervised Release</u> (Doc. #2392) filed November 18, 2024 is **OVERRULED**.  **On September 5, 2025 or as soon as practicable thereafter, the U.S. Probation Office will notify the Court of defendant's compliance with the terms of supervised release and whether it opposes immediate termination of defendant's term of supervised release.  Assuming the U.S. Probation Office does not oppose termination of supervised release at that time, the Court intends to sua sponte terminate defendant's supervised release immediately after it receives notification from the U.S. Probation Office.**

Dated this 9th day of January, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
